**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Struebing,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-18-04888-PHX-DWL<br><br>**ORDER** |

On December 26, 2018, Petitioner initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Petitioner eventually filed a third amended petition (the "Petition"). (Doc. 22.) On September 23, 2020, Magistrate Judge Boyle issued an amended Report and Recommendation ("R&R") concluding the Petition should be denied and dismissed with prejudice. (Doc. 35.) Afterward, Petitioner filed objections to the R&R (Doc. 42) and Respondents filed a response (Doc. 43). For the following reasons, the Court will overrule Petitioner's objections, adopt the R&R, and terminate this action.

I.      Background

*The Underlying Charges*. In April 2009, Petitioner was charged with various felony offenses, including armed robbery. (Doc. 35 at 2.) The charges were later expanded to include first-degree murder with the possibility of a death sentence. (*Id.*)

*The Pretrial Proceedings Related To Competency And Self-Representation*. In October 2010, Petitioner filed an "Omnibus Motion for Pro Per Status" in which he asserted

his "inalienable human rights" and withdrew consent "for any services [the court] may have to offer." (*Id.*) The following month, during a case management conference, Petitioner requested self-representation but agreed to defer ruling on his request until the next hearing. (*Id.*)

In January 2011, during a status conference, Petitioner reiterated his wish to represent himself. (*Id.*) In response, the trial court ordered a Rule 11 evaluation to determine whether Petitioner was competent to stand trial and to represent himself. (*Id.*)

In July 2011, Petitioner was found incompetent to stand trial and ordered to receive treatment to restore competency. (*Id.*)

In June 2012, Petitioner was ordered competent to stand trial. (*Id.*) During the same hearing, the trial court denied Petitioner's request to represent himself, explaining that Petitioner "would not follow relevant rules of procedure and the law of State of Arizona," would "engage in seriously disruptive behavior while in court," and had "at times refused to be transported and refused to participate when directly addressed by the bench on occasion." (*Id.*)

In November 2013, Petitioner filed a motion renewing his request to represent himself. (*Id.*)

*The Guilty Plea And Sentencing*. In April 2014, Petitioner pleaded guilty to first-degree murder and armed robbery. (*Id.* at 3.)

In May 2014, pursuant to the plea agreement, Petitioner was sentenced to life with the possibility of parole after 25 years for the murder and 21 years of concurrent imprisonment for the armed robbery. (*Id.*)

*PCR Proceeding*. In May 2014, Petitioner filed a timely notice for post-conviction relief ("PCR"). (*Id.*)

In June 2015, Petitioner's counsel filed a notice explaining that counsel was "unable to find a tenable issue to submit to this Court" on Petitioner's behalf. (*Id.*)

In January 2016, Petitioner filed an initial *pro per* PCR petition in which he alleged that (1) his guilty plea was unlawfully induced and (2) the sentencing court lacked

jurisdiction. (*Id.*)

In July 2018, Petitioner filed a supplemental PCR petition. (*Id.*) In the supplemental petition, Petitioner alleged (1) his right to self-representation was violated; (2) an unlawful sentence pursuant to his plea agreement; (3) ineffective assistance due to counsel's failure to investigate forensics of the shooting and failure to consult medical experts; (4) ineffective assistance due to counsel's conflict of interest; and (5) ineffective assistance due to counsel's failure to investigate or present evidence of Petitioner's "mental retardation, organic brain damage and other emotional and mental impairments." (*Id.*)

In October 2018, the trial court summarily dismissed the PCR petition. (*Id.*)

*The PCR Appeal.* In October 2018, Petitioner filed a timely petition for review. (*Id.*)

On June 23, 2019, the Arizona Court of Appeals granted review but denied relief. *State v. Struebing*, 2019 WL 3297252 (Ariz. Ct. App. 2019).

On April 3, 2020, Petitioner filed a petition for review in the Arizona Supreme Court. (Doc. 35 at 4.)

On September 8, 2020, the Arizona Supreme Court denied review. (*Id.*)

*The Habeas Claims*. On December 26, 2018, Petitioner filed his initial habeas petition. (Doc. 1.) In the operative Petition, Petitioner alleges four grounds for relief: "(1) Petitioner's Fifth and Fourteenth Amendment rights were violated when the Superior Court refused to allow him to proceed pro per; (2) Petitioner's Fifth and Fourteenth Amendment rights were violated when Petitioner was offered a plea agreement that was not supported by the current statute and was not made aware that the statute regarding parole would change; (3) Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated through ineffective assistance of counsel ("IAC") when counsel "testified against [Petitioner] in open court"; and (4) Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated through ineffective assistance of counsel when counsel failed to secure relevant evidence." (Doc. 35 at 5.)

*The R&R*. The R&R concludes that Petitioner is not entitled to relief. As for

Petitioner's first ground (denial of right of self-representation), the R&R concludes that, because there is a split of authority among federal Circuit courts as to whether a defendant waives any challenge to the denial of a self-representation request by pleading guilty, and because the Supreme Court has not addressed this issue, the Arizona courts' finding of waiver was not contrary to, or an unreasonable application of, clearly established federal law. (*Id.* at 8-10.) As for Petitioner's second ground (plea agreement called for sentence not available under Arizona law), the R&R concludes this claim is procedurally defaulted because Petitioner only characterized it as a state-law claim in his PCR petition, that Petitioner also defaulted any challenge premised on the availability of in-person hearings, and that Petitioner has failed to demonstrate cause to excuse the procedural default. (*Id.* at 11-14.) As for Petitioner's third ground (IAC—testifying against Petitioner), the R&R concludes this claim is unexhausted because Petitioner did not raise it in his PCR petition and that Petitioner has failed to demonstrate cause to excuse the procedural default. (*Id.* at 14-15.) As for Petitioner's fourth ground (IAC—secure relevant evidence), the R&R concludes that this "claim is unexhausted because he did not raise this claim in PCR petition . . . or to the Arizona Court of Appeals in his petition for review" and that Petitioner again failed to excuse the procedural default of this claim. (*Id.* at 15.)

II.     Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)

("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

III.   Analysis

Petitioner's objections to the R&R (Doc. 42) are not a model of clarity. At the outset, Petitioner seeks to raise a general objection "covering over all issue[s]." (*Id.* at 1.) But as discussed above, such general objections are ineffective in the R&R context.

Next, Petitioner clarifies that he is only specifically objecting to the R&R's rejection of his IAC-based grounds for relief. (*Id.* ["[I] ask this court to accept Petitioner's Objections argued focusing on the merits of counsel was Ineffective . . . ."].) Thus, there is no need to review the R&R's rejection of Petitioner's non-IAC grounds for relief.

As for the IAC-based claims, Petitioner's primary argument is that "Counsel[']s failure to advise Petitioner of parole conflict, and that plea would not define parole conditions as written law did at the time," "[d]eprived Petitioner of information he needed to make a fully informed dicission [sic] in the plea agreement." (*Id.* at 1-4.) The problem with this argument is that, as the R&R notes, it is different from the IAC theories Petitioner attempted to raise during the state-court PCR proceedings. Petitioner makes no effort to address the R&R's finding of procedural default without excuse.

…

…

…

---

[1] *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

Accordingly, **IT IS ORDERED** that:

(1) Petitioner's objections to the R&R (Doc. 42) are **overruled**.

(2) The R&R's recommended disposition (Doc. 35) is **accepted**.

(3) The Petition (Doc. 22) is **denied and dismissed with prejudice**.

(4) A Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right and because dismissal is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

(5) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 12th day of January, 2021.

Dominic W. Lanza
United States District Judge